(Knox County Common Pleas, 1901.)

J. HILDRETH & COMPANY, a partnership
v. THE ENDOWMENT RANK KNIGHTS
OF PYTHIAS, FANNY WEILL, et al.

(1.) The Endowment Rank Knights of Pythias is not a fraternal beneficiary association, and sec. 3631-18 R. S., providing that the money, benefit, charity, relief or aid to be paid by such an association shall not be liable to garnishment, attachment or other process does not apply to such Endowment Rank.

(2.) Money due on a certificate of membership in the Endowment Rank Knights of Pythias is not exempt from execution and attachment.

WICKHAM, J. (Orally)

The petition in this case was filed March 13, 1901. On that date the plaintiffs were judgment creditors of Fanny Weill. The petition avers that Samuel Weill, the husband of Fanny Weill, was a member of the Endowment Rank Knights of Pythias and held a certificate of membership which provided for the payment of the sum of $3,000 at his death to his beneficiary; that Samuel Weill died on the 4th day of March, 1901; that the defendant, Fanny Weill widow of the said Samuel Weill, is the beneficiary named in the certificate of membership of Samuel Weill in the Endowment Rank Knights of Pythias. The petition is in the nature of a creditor's bill, and prays among other things that the Endowment Rank Knights of Pythias be restrained from paying the money due on the certificate to Fanny Weill, for the appointment of a receiver to take charge of the money due on said certificate, and that the plaintiff's judgment may be paid out of the fund. On the filing of the petition a temporary injunction was allowed by the court restraining the Endowment Rank Knights of Pythias from paying the money to Fanny Weill.

On March 21, 1901, a motion was filed by Fanny Weill to dissolve the temporary injunction "for the reason that said order granting said injunction was contrary to and in violation of section 3631-18 of the Revised Statutes of Ohio," and the cause is submitted to the court in that motion.

Section 3631-11 to 3621-23 both inclusive are known as the Fraternal Congress Act. As I understand it some years ago there was a convention of representatives of nearly or quite

all of the fraternal insurance associations of the country for the purpose of formulating a law providing for carrying on the business of fraternal insurance. The result of this convention was the Fraternal Congress Act so-called. Representatives of fraternal beneficiary associations presented bills to the legislatures of many of the states of this country which were enacted into laws and the laws governing the fraternal beneficiary associations of the several states is the Fraternal Congress Act

Section 3631-18, Revised Statutes, provided that "the money or other benefit, charity, relief or aid to be paid, provided or rendered by any associations authorized to do business under this act shall not be liable to attachment by trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay a debt or liability of a certificate holder, or of any beneficiary named in the certificate, or any person who may have any rights thereunder."

And it is contended by counsel for the defendants that the temporary injunction in this case should be dissolved because it is in violation of the act just read. On the other hand counsel for the plaintiff contend that section 3631-18, is not applicable in this case for the reason that the Endowment Rank Knights of Pythias is not a fraternal beneficiary association, and, therefore, that this case is not within the provisions of the Fraternal Congress Act.

Section 1 of the act, 3631-11, Revised Statutes, defines a fraternal beneficiary association. It is a corporation, society or voluntary association formed or organized and carried on for the sole benefit of its members and their beneficiaries. It must have a lodge system with ritualistic form of work. It must have a representative form of government.

We have in evidence a copy of the constitution of the Endowment Rank Knights of Pythias, which is conceded by counsel to be of the last revision in force November 6, 1900. The Endowment Rank Knights of Pythias is the insurance branch of the fraternal order of Knights of Pythias. It is governed by a board of control which consists of the supreme chancellor, the supreme vice-chancellor and three members of the supreme lodge, the last of whom are elected by the supreme lodge of the Knights of Pythias. The board of control thus created has the complete and absolute control and management of the Endowment Rank; it establishes the table of rates of insurance, it creates, holds and disburses the funds of the Endowment Rank under certain regulations; levies all assessments, regular and special, and

has other powers and duties not necessary to mention. Members of the Endowment Rank as such have no voice in the selection of the members of the board of control; it has not a representative form of government.

It appears also from the affidavits filed that the Endowment Rank has no ritualistic form of work. It lacks these two elements of a fraternal beneficiary association, and therefore, is not within the provisions of the Fraternal Congress Act. And hence it follows that section 3631-18, is not applicable to the case at bar. This act is not applicable to the order of Knights of Pythias by express provisions provided that "nothing in this act shall be held to affect or apply to grand or subordinate lodges of Masons, Knights of Pythias, Odd Fellows or similar orders that do not have as their principal object the issuance of insurance certificates of membership."

I speak of this act for the reason that some of the affidavits filed in support of the motion in this case, it seems were made to escape the effect of the language of the act just read. The affiants made an inexcusable mistake which I attribute to their ignorance or negligence, or both. They have been made to say, probably by counsel who prepared the affidavits, that the supreme lodge of Knights of Pythias "always had and it now has as its principal object the issuance of insurance certificates to its members."

Such ignorance is inexcusable in any member of the order of the Knights of Pythias. We, as members of that grand order, know what its objects and purposes are, and we also know that its principal object is not "the issuance of insurance certificates to its members."

For the reason, before given, to-wit, that the Endowment Rank of Knights of Pythias is not a fraternal beneficiary association, and therefore, not within the provisions of the Fraternal Congress Act, the court hold that the money due on the certificate of membership of Samuel Weill is not exempt from execution and attachment, and therefore that the motion to dissolve temporary injunction is overruled.

As supporting the holdings of the court in this case, I refer counsel to the case of *Toomey* v. *Supreme Lodge Knights of Pythias*, 147 Mo., 129.

*W. H. Thompson*, for Plaintiff.

*Gumble & Gumble* and *Ewing & Ewing,* for Defendants.